RONALD D. ARENA, Bar No. 218421
MICHAEL HOFFMAN, Bar No. 162496
KATHRYN M. WEEKS, Bar No. 255945
ARENA HOFFMAN LLP
44 Montgomery Street, Suite 3520
San Francisco, CA  94104-4828
Telephone:     415.433.1414
Facsimile:      415.520.0446
Email:          rarena@arenahoffman.com

Attorneys for Defendant
REDFIN CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVONNETH CRUZ, an individual, on behalf of herself, on behalf of all persons similarly situated, and as the representative of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>REDFIN CORPORATION, a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.    14-5234<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

Defendant REDFIN CORPORATION ("Defendant," "Redfin," or the "Company"), for the purpose of removing this action on the basis of diversity jurisdiction and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332, 1441 *et seq*., and 1446, to the United States District Court for the Central District of California, serves notice and respectfully avers:

### PLEADINGS AND PROCEEDINGS TO DATE

1.    Due to the volume of pleadings and proceedings identified below, as well as the interest in conserving resources and avoiding duplicative filings in state court, Redfin will file all

1  required state court papers concurrently in the accompanying Record of State Court papers being

2  submitted herewith.

3        2.      On or about December 24, 2013, this action was filed in the Superior Court of

4  California, County of Alameda, and assigned Case No. RG13707955 by said court.  True and correct

5  copies of the Summons and Complaint are attached hereto as Exhibit A.  Defendant was served with

6  the summons and Complaint on March 3, 2014.  The remaining pleadings filed in the state court

7  proceeding are attached to the Record of State Court Papers.

8  **PLEADINGS AND PROCEEDINGS TO DATE**

9        3.      The Complaint is brought by the named Plaintiff, Ivonneth Cruz, on behalf of

10  all individuals engaged by Redfin as independent contractor salespersons (also known as "Associate

11  Agents") during the four year period preceding the date of the initial filing of the action to an

12  unspecified date.  The Complaint asserts claims for failure to pay minimum wages, failure to pay

13  overtime wages, failure to pay earned wages upon discharge, failure to reimburse required business

14  expenses, failure to furnish accurate itemized wages statements, unfair business practices pursuant to

15  Business and Professions Code section 17200, *et seq.*, and for violation of California's Private

16  Attorney General Act, Labor Code section 2698, *et seq.* ("PAGA").

17        4.      Defendant is informed and believes that the aforementioned Exhibit A and

18  attachments to the Record of State Court proceeding constitute all of the process, pleadings, and

19  orders on file in the action.

20        5.      Defendant is informed and believes that there has been no service of process

21  upon Defendant Does 1 through 100, nor other parties, named or otherwise.  The identification of

22  "Doe" defendants does not defeat removal.  28 U.S.C. § 1441(a).  Accordingly, all existing and

23  served Defendants join in the removal of this action.

24        6.      The first document received by Defendant in this action establishing a basis

25  for federal court jurisdiction under CAFA was a damages calculation made by the Plaintiffs in

26  parallel class actions covering the same claims and class members emailed to counsel for Defendant

27  on October 29, 2014.  (Arena Decl. ¶ 3, Ex. B.)  The email attached a mediation statement that

28  contained an exhibit consisting of a detailed calculation of Plaintiffs' claimed damages.  (Arena

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4622
415.433.1414

**NOTICE OF REMOVAL**            2.

1   Decl. ¶ 3, Ex. B.)  Plaintiffs calculated their damages to be in excess of $25,000,000.00.  (Arena

2   Decl. ¶ 3, Ex. B.)  Consideration of damages claimed in written settlement demands and mediation

3   statements is appropriate to determine jurisdiction under CAFA.  *See Kuxhausen v. BMW Fin'l*

4   *Servs. NA LLC,* 707 F3d 1136, 1140 (9th Cir. 2013) (demand letter qualifies as "other paper"

5   triggering 30 day deadline to remove); *Cohn v. Petsmart, Inc.,* 281 F3d 837, 840 (9th Cir. 2002) (a

6   settlement demand is relevant evidence of the amount in controversy "if it appears to reflect a

7   reasonable estimate of the plaintiff's claim"); *Babasa v. LensCrafters, Inc.,* 498 F3d 972, 974 (9th

8   Cir. 2007) (mediation letter started removal clock).   Although the damages calculation was

9   submitted in connection with the related cases of *Scott Galen v. Redfin Corporation*, Case No. 3:14-

10  cv-05229, pending in the United States District Court, Northern District of California ("*Galen*"), and

11  *Barbara Bailey v. Redfin Corporation,* Case No. 2:14-cv-08959-SJO-MAN, pending in the United

12  States District Court, Central District of California ("*Bailey*"), the *Galen* and *Bailey* cases assert the

13  same causes of action and cover exactly the same putative class of Plaintiffs as in the *Cruz* action.

14  Thus, the damages calculation in *Galen* and *Bailey* is equally applicable to the putative class in *Cruz*.

15  (Arena Decl. ¶ 3.)

16          7.      Thirty days since service of the first document establishing a basis for federal

17  jurisdiction based on CAFA have not yet passed.  Accordingly, removal of this action is timely

18  pursuant to 28 U.S.C. § 1446(b)(1) and (b)(3).

19                                      **CAFA JURISDICTION**

20          8.      This action is one which may be removed to this Court by Defendants

21  pursuant to 28 U.S.C. §§1332, 1441 *et seq*., and 1446, in that it appears from the pleadings and other

22  documents that there is diversity of citizenship among the proper parties and Plaintiff recently

23  provided a written damages calculation establishing that the amount in controversy exceeds

24  $5,000,000.

25          9.      Plaintiff is a resident and citizen of the State of California.  (Arena Decl. ¶ 5,

26  Ex. C.)  Redfin is a Delaware Corporation with its principal place of business and corporate

27  headquarters in Seattle, Washington.  (Kilgore Decl. ¶ 3.)  Thus, diversity of citizenship exists

28  between said parties.

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4622
415.433.1414

**NOTICE OF REMOVAL**                        3.

10.     Under CAFA, the District Courts of the United States have original and removal jurisdiction over any class action where the amount in controversy exceeds $5,000,000 and diversity of citizenship exists between the defendant and any of the class members.  28 U.S.C. §§ 1332(d), 1441(b), and 1446.

11.     The case was not removed within 30 days after receipt of the Complaint in this action because one cannot tell from the Complaint whether the jurisdictional amount of $5,000,000 can be met.  (Arena Decl. ¶ 6.)  The primary component of damages alleged in the Complaint appears to be for unpaid overtime compensation.  The number of hours of unpaid overtime claimed by the Redfin class members cannot be determined or ascertained from the allegations in the Complaint.  The Complaint alleges only that the class members worked in excess of 40 hours in a week and more than eight hours in a day.  Redfin does not keep track of hours worked by its Associate Agents.  (Kilgore Decl. ¶ 2.)  Redfin does not have systems in place that can be used to calculate the number of hours worked by the Associate Agents.  (Kilgore Decl. ¶ 2.)  None of the remaining allegations in the FAC could be used to establish the $5,000,000 jurisdictional amount to establish a basis for removal under CAFA without undue speculation. (Arena Decl. ¶ 6.)  *See Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013) (defendant is not required to engage in independent investigation to determine amount in controversy where amount cannot be ascertained from complaint); *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) ("diversity jurisdiction does not lie because their claims cannot be aggregated");  *Smith v. Brinker Int'l, Inc.*, 2010 WL 1838726 at *4 (N.D. Cal. May 5, 2010) (CAFA jurisdictional amount may not be based on speculative calculations).

## RELATED CASES

12.     In addition to the *Cruz* case, there are five related cases that all assert class claims against Redfin based on alleged misclassification of Redfin's real estate salespersons.  Two of those cases assert class claims on behalf of Redfin's independent contractor salespersons, *Bailey* and *Galen.  Bailey, Galen,* and *Cruz* are referred to herein as the "Independent Contractor Cases." As with *Cruz*, neither of the operative complaints on file in *Bailey* and *Galen* establish a basis for CAFA jurisdiction because the amount in controversy cannot be established without undue

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4622
415.433.1414

**NOTICE OF REMOVAL**                                   4.

1  speculation.  (Arena Decl. ¶ 7, Exs. D, E.)  Defendant did not receive any documents in *Bailey* or

2  *Galen* establishing that the amount in controversy exceeded $5,000,000 until Defendant received the

3  damages calculation on October 29, 2014.  (Arena Decl. ¶ 7.)

4        13.  Three other related cases already pending in Federal Court assert class claims

5  on behalf of salespersons employed by Redfin as employees, referred to as the "Employee Cases."

6  The Employee Cases assert that Redfin's employee sales agents were improperly classified as

7  exempt from overtime and related wage payment statutes.  Two of the Employee Cases are currently

8  pending before The Honorable Philip S. Gutierrez in the Central District of California, and are

9  captioned as follows:  *Joyti Goundar v. Redfin Corporation*, Case No. 13-CV-03698 PSG (MRWx)

10  ("Goundar") and *Srbui Badivian, et al. v. Redfin Corporation*, Case No. 13-CV-03664 PSG

11  (MRWx) ("*Badivian*").  (Arena Decl. ¶ 8.)  Defendant seeks, and hereby requests dismissal, transfer,

12  stay, and/or coordination of the actions before the earliest removed cases, *Goundar* and *Badivian*.

13        14.  A third Employee Case originally filed in Alameda County Superior Court

14  was recently removed to the U.S. District Court, Northern District of California, and is captioned as

15  follows:  *Maurice Sandoval v. Redfin Corporation*, Case No. 3:14-CV-04444 ("*Sandoval*").

16  *Sandoval* is currently pending before The Honorable Samuel Conti.  After removing the *Sandoval*

17  case, in view of the overlapping *Goundar* and *Badivian* Employee Cases, Defendant brought a

18  motion for abstention to have *Sandoval* stayed, dismissed, or transferred to the Central District to be

19  coordinated with the two Employee Cases pending before Judge Gutierrez in the Central District.

20  (Arena Decl. ¶ 9.)  Defendant withdrew the motion after Plaintiff stipulated to transferring the case

21  to Judge Gutierrez to be coordinated with *Goundar* and *Badivian*.  (Arena Decl. ¶ 9.)  As of the

22  filing of this removal, the parties have not yet filed the stipulation, but expect to do so soon.  Counsel

23  of record in *Sandoval* is the same counsel of record in *Cruz*.

24        15.  The Employee Cases are related to the Independent Contractor Cases because

25  both sets of cases involve overlapping putative class members and legal and factual issues.

26  Moreover, many of the same groups of attorneys represent both putative classes.

27

28

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA  94104.4622
415.433.1414

**NOTICE OF REMOVAL**                     5.

1

**VENUE**

2   16.  This is a civil suit brought in a California state court. Plaintiff alleges that she

3 was employed in Alameda County, and that her alleged damages occurred in said county. Based on

4 the allegations in the pleadings, Defendant is informed and believes that the events giving rise to this

5 action occurred within this judicial district. This Court is the appropriate venue for actions removed

6 from the Superior Court of California, County of Alameda.

7   17.  Defendant is giving written notice of the filing of this Notice of Removal to

8 all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy with the Clerk of Court of

9 the Superior Court of California, Alameda County, or as further required by statute.

10   18.  WHEREFORE, Defendant prays that the above-referenced action now

11 pending in Alameda County Superior Court, Case No. BC512191, be removed from that court to this

12 United States District Court.

13   WHEREFORE, Defendant prays that the above-referenced action now pending in

14 Alameda County Superior Court, Case No. RG13707955, be removed from that court to this United

15 States District Court, Northern District of California.

16 Dated: November 26, 2014

17

18         */s/ Ronald D. Arena*
          RONALD D. ARENA

19         ARENA HOFFMAN LLP
          Attorneys for Defendant

20         REDFIN CORPORATION

21

22

23

24

25

26

27

28

ARENA HOFFMAN LLP
44 Montgomery Street
Suite 3520
San Francisco, CA 94104.4622
415.433.1414

**NOTICE OF REMOVAL**      6.