UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVONNETH CRUZ,<br><br>   Plaintiff,<br><br>   v.<br><br>REDFIN CORPORATION,<br><br>   Defendant. | Case No. 14-cv-05234-TEH<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CURATIVE NOTICE** |

Before the Court is Plaintiff's Motion for Curative Notice (Miscellaneous Relief). Docket No. 34. Having carefully considered the parties' written arguments, the Court finds this matter suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b). For the reasons set forth below, the Court hereby DENIES Plaintiff's motion.

**BACKGROUND**

Plaintiff Ivonneth Cruz ("Plaintiff") worked as a Field Agent for Defendant Redfin ("Defendant") after signing a Field Agent Independent Contractor Agreement (the "Agreement") which contained an arbitration clause. Compl. ¶4 (Docket No. 1-1); Ex. A. to Fenn Decl. at 5 (Docket No. 19-1). In the instant putative class action, Plaintiff alleges that Defendant misclassified her as an independent contractor. On December 1, 2015, the Court granted Defendant's motion to compel arbitration, but in doing so, found that three provisions in the Agreement were unconscionable: the fee-shifting provision, the forum selection clause, and the choice of law clause. Compel Order at 16-18 (Docket No. 32). The Court severed the unconscionable provisions, but found the remainder of the Agreement valid and enforceable, including the Agreement's delegation of the issue of arbitrability to the arbitrator. *Id.* at 19. The Court stayed the action pending arbitration. Plaintiff filed the instant Motion for Curative Notice on April 11, 2016. Defendant timely opposed, and Plaintiff timely replied. Docket Nos. 36, 37.

## DISCUSSION

"Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). "The prophylactic power accorded to the court presiding over a putative class action under [Federal Rule of Civil Procedure] 23(d) is broad; the purpose of Rule 23(d)'s conferral of authority is not only to protect class members in particular but to safeguard generally the administering of justice and the integrity of the class certification process." *O'Connor v. Uber Techs., Inc.*, No. 13-CV-3826-EMC, 2014 WL 1760314, at *3 (N.D. Cal. May 2, 2014). Accordingly, "[c]ourts may prohibit and correct communication that is misleading, coercive, or discourage[s] participation in the lawsuit." *Talamantes v. PPG Indus., Inc.*, No. 13-CV-4062-WHO, 2014 WL 4145405, at *2 (N.D. Cal. Aug. 21, 2014) (citing *Billingsley v. Citi Trends, Inc.*, 560 Fed. App'x. 914, 922 (11th Cir. 2014); *see also Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002).

Plaintiff argues that putative class members who have signed agreements containing the same arbitration clause as Plaintiff's Agreement are unaware that this Court found certain provisions unconscionable and severable, and were therefore given misinformation as to their rights which may affect future decisions regarding whether to bring claims against Defendant. Mot. at 3-5; Reply at 2. Plaintiff states that "California federal district courts routinely require the issuance of curative notice in situations where putative class members have received misinformation which may affect not only their rights but their understanding of those rights." Mot. at 4. As a general proposition, Plaintiff's position is sound. However, in opposition to Plaintiff's motion, Defendant makes several arguments that the Court ultimately finds persuasive.

First, Defendant argues that Plaintiff's requested notice would be premature, because no class certification motion has been filed, and the class period in the Complaint was left to be determined by the Court. Opp'n at 2, 4; *see* Compl ¶10; *cf. Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664 (E.D. Tex. 2003) (class preliminarily certified and notice to

absent class members approved by court; curative notice appropriate).  Notably here, the only substantive motion that has been resolved by this Court has been the motion to compel arbitration.  Furthermore, the majority cases cited by Plaintiff involved separate coercive communications by the defendant to potential class members for the purpose of urging the potential class members to opt out or not participate in the lawsuit.  *See, e.g., Cty. of Santa Clara v. Astra USA, Inc.*, No. 05-CV-3740-WHA, 2010 WL 2724512, at *1 (N.D. Cal. July 8, 2010) (defendant sent refund checks with accompanying letter stating that cashing the checks constituted accord and satisfaction); *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 512 (N.D. Cal. 2010) (putative class members coerced to sign opt-out forms in individual meetings during business hours); *Wright v. Adventures Rolling Cross Country, Inc.*, No. 12-CV-0982-EMC, 2012 WL 2239797, at *5 (N.D. Cal. 2012) (communication presented skewed view of litigation for purpose of discouraging participation); *Mevorah v. Wells Fargo Home Mortgage, Inc.*, No. 05-CV-1175-MHP, 2005 WL 4813532, at *4 (N.D. Cal. Nov. 17, 2005) (communication gave incorrect impression that compensation structure would change if lawsuit was successful).

    Here, the allegedly misleading communication at issue is the Agreement itself, signed by Field Agents upon hire.  The Agreement is integral to the instant action by virtue of its arbitration clause, but unlike the cases cited by Plaintiff, the Agreement does not communicate any – much less misleading – information to individuals about the instant action.  Even if the currently operative agreements contain the provisions that this Court found unconscionable, such agreements were drafted before this action was filed and were not drafted with the intention of discouraging participation in the lawsuit.  At the time a class is preliminarily certified, the Court may then approve notice to potential class members clarifying their rights; however, at this time, the putative class is far too undefined to do so.

    Next, Defendant argues that Plaintiff's requested notice would be confusing and misleading for the putative class members, as well as prejudicial to Defendant.  Defendant contends that most of the putative class members have already signed new arbitration

1   agreements that do not contain the unconscionable terms.[1]  Opp'n. at 2.  There are no

2   readily apparent means – absent the parties engaging in expensive data collection – by

3   which the Court could ascertain which putative class members may be allegedly harmed

4   by the inclusion of unconscionable terms in their agreements.[2]  Moreover, putative class

5   members who are operating under new agreements without the unconscionable provisions

6   would be confused by Plaintiff's requested notice.

7         In *Gonzalez v. Preferred Freezer Services*, the defendant sent a misleading and

8   incomplete communication to potential class members which contained a release

9   agreement.  No. 12-CV-03467-ODW, 2012 WL 4466605, at *1 (C.D. Cal. Sept. 27, 2012).

10  Instead of ordering a blanket curative notice as Plaintiff requests here, the *Gonzalez* court

11  ordered the defendant to provide the plaintiff with contact information of the individuals to

12  whom the misleading communication was made, so that the plaintiff's counsel could

13  correct the damage.  *Id.* at *3.  In *Slavkov v. Fast Water Heater Partners*, the court found

14  curative notice necessary where the defendant had coercively obtained settlement

15  agreements and releases from putative class members using a misleading letter; however,

16  the Court only ordered curative notice to the recipients of the misleading communication,

17  not to the entire putative class.  No. 14-CV-04324-JST, 2015 WL 6674575, at *7 (N.D.

18  Cal. Nov. 2, 2015).  Here, even if the Court were to find that the agreements harm putative

19  class members who must sign them, Plaintiff's requested relief is not appropriately

20  tailored, as Plaintiff has not identified any means that the Court could use to determine

21  which putative class members have actually been harmed so that it may order notice to

22  those individuals only.

---

[1] Defendant also argues that the notice itself would be confusing, misleading and prejudicial because it would lead those receiving the notice to believe that Defendant had engaged in some wrongdoing, or that the entire Agreement is invalid.  The Court is unpersuaded by this argument, however, because the notice could be worded in a way to prevent such confusion.

[2] Plaintiff points out that Defendant has not provided the revised agreement.  Reply at 2.  Nor has Defendant identified which individuals are still operating under the agreement containing unconscionable provisions.  If the Court or the arbitrator were to fashion appropriate curative notice, such information would be necessary.

Finally, Defendant argues that Plaintiff has requested relief in an inappropriate forum. Opp'n at 8-9. In its order granting Defendant's motion to compel arbitration, the Court found that the parties "clearly and unmistakably delegated the question of arbitrability to the arbitrator." Compel Order at 19. The action is currently stayed in this Court, as it is pending in arbitration. With this procedural posture in mind, Defendant argues that the arbitrator should decide whether curative notice is necessary, and if so, determine the scope, contents, and receiving parties. *Id.* at 8. The Court finds that the action is procedurally too uncertain for the Court to intervene by ordering curative notice, even if the requested notice was not premature, overbroad or confusing. The arbitrator may determine as a gateway matter that the matter is not arbitrable, and send the action back to this Court. On the other hand, the arbitrator may determine that the action belongs in arbitration, in which case the issue of appropriate curative notice would remain with the arbitrator. Therefore, at this tentative juncture, the Court finds it inappropriate to order curative notice.

**CONCLUSION**

For the reasons stated above, the Court finds that ordering curative notice would be inappropriate given the factual and procedural posture of the instant action. Accordingly, the Court DENIES Plaintiff's motion. A motion for curative notice may be more proper when putative class members who may be actually harmed by the clauses in the Agreement can be identified, and after the arbitrator has made a decision as to arbitrability; the Court may consider entertaining such a motion at that time.

**IT IS SO ORDERED.**

Dated: 05/09/16

_____
THELTON E. HENDERSON
United States District Judge